FILED
CLERK, U.S. DISTRICT COURT

AUG - 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK DOUGLASS BENNETT, SR.,) | NO. CV 08-2389-RSWL(E) |
| Petitioner, ) | |
| v. ) | ORDER ADOPTING FINDINGS, |
| CALIFORNIA BOARD OF PRISON ) | CONCLUSIONS AND RECOMMENDATIONS |
| TERMS, et al., ) | OF UNITED STATES MAGISTRATE JUDGE |
| Respondents. ) | |

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court approves and adopts the Magistrate Judge's Report and Recommendation.

        IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///
///
///
///

1       IT IS FURTHER ORDERED that the Clerk serve copies of this Order,

2   the Magistrate Judge's Report and Recommendation and the Judgment

3   herein by United States mail on Petitioner and counsel for

4   Respondents.

5

6       LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8       DATED: _August 4_____, 2008.

9

10

11                              RONALD S.W. LEW
                          _____
12                              RONALD S.W. LEW
                          SENIOR UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   FREDERICK DOUGLASS BENNETT, SR., ) NO. CV 08-2389-RSWL(E)
                                      )
12                      Petitioner,   )
                                      )
13        v.                          ) REPORT AND RECOMMENDATION OF
                                      )
14   CALIFORNIA BOARD OF PRISON       ) UNITED STATES MAGISTRATE JUDGE
     TERMS, et al.,                   )
15                                    )
                     Respondents.     )
16                                    )
     _____)
17

18

19        This Report and Recommendation is submitted to the Honorable

20   Ronald S.W. Lew, Senior United States District Judge, pursuant to

21   28 U.S.C. section 636 and General Order 05-07 of the United States

22   District Court for the Central District of California.

23

24                            **PROCEEDINGS**

25

26        On March 17, 2008, Petitioner filed a "Petition for Writ of

27   Habeas Corpus By a Person in State Custody" in the United States

28   District Court for the Eastern District of California.  On March 28,

1   2008, the United States District Court for the Eastern District of
2   California transferred the action to this Court.

3

4       On May 8, 2008, Respondent Poulos filed a "Notice of Motion and
5   Motion to Dismiss Petition for Writ of Habeas Corpus" ("Motion"),
6   asserting that the Petition is untimely under the statute of
7   limitations set forth in 28 U.S.C. section 2244(d).  On May 22, 2008,
8   Petitioner filed a "Notice of Motion and Motion In Opposition to
9   Motion to Dismiss Petition" ("Opposition").

10

11                              BACKGROUND

12

13      The intendment of the Petition is not entirely clear.  Petitioner
14  checked the boxes on the form Petition indicating that the Petition
15  concerns a sentence, a parole problem, and "other" (Petition, p. 2).
16  Next to the checked box marked "other," Petitioner states:
17  "Restoration of sanctioned credits barred by Eastern District Court
18  Injunction; Cal. Pen. C § 4800 and § 4901; In re Ballard, 115 Ca
19  4th."[1]  Petitioner alleges that he does not attack the validity of his
20  2000 conviction, but apparently seeks to enforce a civil case order
21  made by the United State District Court for the Eastern District of
22  California (Petition, pp. 3, 6-7).
23  ///

24  _____

25      [1]   In In re Ballard, 115 Cal. App. 3d 647, 171 Cal. Rptr.
    459 (1981), the petitioner sought credit against his parole term
26  for presentence conduct credits.  The State conceded that the
    amount of time the petitioner served in excess of that which he
27  would have served under a proper credits application should be
    deducted from his parole term, and the court ordered this remedy.
28  Id. at 649-50.

                                    2

1      Petitioner alleges that, from January 2001 to February 2002,

2  while Petitioner was confined at the "Tehachapi State Prison," prison

3  officials assertedly deprived Petitioner of credits because of

4  Petitioner's practice of wearing dreadlocks (Petition, p. 6).

5  Petitioner alleges that, in a civil case styled <u>Bennett v. Winett</u> and

6  numbered "2:01 CV-00617-GEB-PAN," the United States District Court for

7  the Eastern District of California ordered the institution to "cease

8  and desist all privilege and program denials due to [Petitioner's]

9  wearing dreadlocks" (Petition, p. 6; <u>see also</u> Opposition, pp. 1, 3).

10  Petitioner alleges that prison officials have not restored lost

11  credits, assertedly causing Petitioner to suffer the continued adverse

12  "collateral" effect of "prolonging his parole," and assertedly

13  rendering Petitioner "over-do [sic] for release from prison and

14  threaten[ing] future freedom" (Petition, p. 6).

15

16      Petitioner alleges that he was released on parole on January 1,

17  2004, and that his parole was revoked on February 11, 2008

18  (Opposition, p. 2).  Petitioner disavows any challenge to the parole

19  revocation proceedings (Opposition, p. 4).  However, Petitioner may be

20  asserting that, if Petitioner's credits had been "restored," he would

21  have been discharged from parole prior to the alleged revocation (<u>see</u>

22  Opposition, p. 2).  Petitioner further states that the Court has the

23  power to construe the Petition as a civil rights complaint, and that

24  the "action should also be viewed as one since it also raises

25  cognizable issue for compensatory damages" (Petition, p. 7; <u>see also</u>

26  Opposition, p. 5).  Petitioner alleges that Respondents are in

27  contempt of the Eastern District's order (Opposition, p. 5).

28  Petitioner seeks an evidentiary hearing and production of all prison

3

1  files and calculations methods to "rectify the calculation problem and
2  restore Petitioner's freedom" (Petition, p. 7).

3

4      The Court takes judicial notice of the docket and imaged
5  documents filed in Bennett v. Winett, United States District Court for
6  the Eastern District of California case number CIV S-01-0617 GEB PAN
7  P.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (on motion
8  to dismiss habeas petition, court took judicial notice of state court
9  records); Taylor v. Adams, 2008 WL 365149, at *3 (E.D. Cal. Feb. 8,
10  2008), adopted, 2008 WL 703813 (E.D. Cal. Mar. 13, 2008) (taking
11  judicial notice of prior federal habeas action); Adkins v. Panish,
12  2007 WL 4570716, at *3 (S.D. Cal. Dec. 26, 2007) (same); cf. Lee v.
13  City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on motion
14  to dismiss civil case, court may consider matters properly the subject
15  of judicial notice).[2]  The docket in Bennett v. Winett reflects that,
16  on March 18, 2002, the Eastern District granted in part Petitioner's
17  motion for a temporary restraining order, ordering that:

18

19      Defendants at California Correctional Institute or any other
20      facility wherein plaintiff is incarcerated for the next ten
21      (10) days be prohibited from removing plaintiff's
22      dreadlocks.  Plaintiff's place of incarceration shall also
23      cease all disciplinary action against plaintiff for wearing
24      dreadlocks, including, but not limited to, denial of access

25  _____

26      [2]   The docket and imaged documents in Bennett v. Winett,
   United States District Court for the Eastern District of
27  California case number CIV S-01-0617 GEB PAN P, are available on
   that court's website at www.caed.uscourts.gov.
28

4

1   to the law library or paging system, denial of showers, and

2   denial of outside exercise. . . .

3

4   (see Order filed March 15, 2002 in Bennett v. Winett, United States

5   District Court for the Eastern District of California case number CIV

6   S-01-0617 GEB PAN P).

7

8       The defendants in Bennett v. Winett filed an interlocutory

9   appeal.  See Bennett v. Winett, Ninth Circuit case number 02-15755.[3]

10  The defendants also moved in the district court for a stay of the

11  temporary restraining order pending the decision on appeal.  On

12  June 6, 2002, the United States District Court for the Eastern

13  District of California issued an order denying the motion for a stay

14  as moot because the temporary restraining order had lapsed (see Order

15  filed June 6, 2002 in Bennett v. Winett, United States District Court

16  for the Eastern District of California case number CIV S-01-0617 GEB

17  PAN P).  On July 24, 2003, the Ninth Circuit dismissed the appeal for

18  lack of jurisdiction, ruling that the district court's order was not

19  an appealable preliminary injunction order, but rather a "temporary

20  restraining order of 10-day duration."  On July 14, 2004, the United

21  States District Court for the Eastern District of California dismissed

22  the entire action without prejudice "for plaintiff's contumacious

23  failure to comply with the court's orders and the pleading

24  requirements of Fed. R. Civ. P. 8" (see Order filed July 14, 2004, in

25

26  _____

27      [3]   The Court takes judicial notice of the docket in this
    appeal, available on the Ninth Circuit's PACER website at
28  www.ca9.uscourts.gov.

1 | <u>Bennett v. Winett</u>, United States District Court for the Eastern
2 | District of California case number CIV S-01-0617 GEB PAN P).

3 |

4 | **PARTIES' CONTENTIONS**

5 |

6 | The "Antiterrorism and Effective Death Penalty Act of 1996"
7 | ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section
8 | 2244 to provide a one-year statute of limitations governing habeas
9 | petitions filed by state prisoners:

10 |

11 | (d)(1) A 1-year period of limitation shall apply to an
12 | application for a writ of habeas corpus by a person in
13 | custody pursuant to the judgment of a State court.  The
14 | limitation period shall run from the latest of –

15 |

16 | (A) the date on which the judgment became final by the
17 | conclusion of direct review or the expiration of the time
18 | for seeking such review;

19 |

20 | (B) the date on which the impediment to filing an
21 | application created by State action in violation of the
22 | Constitution or laws of the United States is removed, if the
23 | applicant was prevented from filing by such State action;

24 |

25 | (C) the date on which the constitutional right asserted was
26 | initially recognized by the Supreme Court, if the right has
27 | been newly recognized by the Supreme Court and made
28 | retroactively applicable to cases on collateral review; or

6

1        (D) the date on which the factual predicate of the claim or

2        claims presented could have been discovered through the

3        exercise of due diligence.

4

5        (2) The time during which a properly filed application for

6        State post-conviction or other collateral review with

7        respect to the pertinent judgment or claim is pending shall

8        not be counted toward any period of limitation under this

9        subsection.

10

11       Respondent contends that Petitioner could have discovered the

12   factual predicates for his claim by 2002, and hence the limitations

13   period expired years ago.  Respondent also contends that statutory

14   tolling does not aid Petitioner, because Petitioner's most recent

15   habeas corpus petition filed in the California Supreme Court was filed

16   on November 18, 2003 and denied on April 14, 2004, approximately four

17   years prior to the filing of the present Petition (Respondent's

18   Lodgment 1).[4]

19

20       Petitioner contends that the statute of limitations is

21   inapplicable because the present case assertedly represents

22   Petitioner's "return to federal court" to enforce the order in <u>Bennett</u>

23   <u>v. Winett</u> (Opposition, p. 3).  According to Petitioner, section

24

_____

25       [4]   Because Respondent failed to lodge a copy of the
26   November, 2003 California Supreme Court petition, the record does
     not indicate whether this petition concerned the matters alleged
27   in the present Petition.  However, the contents of the California
     Supreme Court petition are immaterial to the disposition of the
28   present Petition.

7

2244(d) does not apply to a "return to a federal court about its own rulings" (Opposition, p. 3).

## DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court may dismiss a petition prior to the filing of an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ."  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate where the allegations of the petition are "patently frivolous or false."  Hendricks v. Vasquez, 908 F.3d at 491 (citations and internal quotations omitted).

Under these standards, the Petition should be dismissed with prejudice.  The premise upon which the Petition is based, i.e., the existence of an extant, enforceable court order, is demonstrably false.  Even assuming, arguendo, this Court were the proper court to enforce an extant order issued in Petitioner's favor in another district, no such order presently exists.  As the Ninth Circuit previously indicated, the temporary restraining order in Bennett v. Winett expired ten days after the order was issued.  This Court cannot

1  enforce an order that is no longer in existence.[5]

2

3      Furthermore, to the extent Petitioner seeks damages, Plaintiff

4  has mistaken his remedy.  Habeas corpus is the vehicle for a state

5  prisoner who challenges the fact or duration of confinement and seeks

6  speedier release.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

7  Habeas corpus is not an appropriate vehicle to obtain damages.  See

8  Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir. 2002).[6]

9

10     Finally, to the extent the Petition alleges that prison officials

11 somehow violated the Eastern District's temporary restraining order

12 during the order's brief existence in March of 2002, the Petition is

13 untimely.  Petitioner knew or should have known of any alleged

14 violation of the temporary restraining order in 2002.  Petitioner did

15 not file the present Petition until March 17, 2008, years after the

16 limitations period expired.  Petitioner does not suggest any basis for

17 statutory or equitable tolling, and the record discloses no such

18 basis.

19 _____

20      [5]   Moreover, the temporary restraining order did not
   require the State to do anything toward the restoration of any
21 credits of which Petitioner may have been deprived before the
   order issued (or after the order lapsed).  The temporary
22 restraining order merely directed the State not to take certain
   actions during a ten-day period.
23
24      [6]   In some circumstances a district court may construe a
   habeas petition as a civil rights complaint.  See Wilwording v.
25 Swenson, 404 U.S. 249, 251 (1971).  However, the Court declines
   Petitioner's apparent invitation to construe the Petition as a
26 civil rights complaint.  It appears Petitioner already is
   pursuing a civil rights action in the Eastern District based on
27 allegations similar to those made in the present Petition.  See
   Bennett v. Winett, United States District Court for the Eastern
28 District of California case number 1:08-CV-00575-LJO-WMW (PC).

**RECOMMENDATION**

    For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying and dismissing the Petition with prejudice.

        DATED:  May 29, 2008.


                    _____/S/_____
                         CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.